# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

EDDIE TATE,

        Plaintiff,

    v.

TRE SMITH, *et al.*,

        Defendants.

NO. C18-0141RSL

ORDER GRANTING MOTION TO SEAL

On November 1, 2019, defendants filed a "Stipulated Motion to Seal" a reply memorandum in the above-captioned matter. Dkt. # 45. Although the underlying motion to exclude the expert opinion of Dr. Charles Pilcher was filed under seal because it contains confidential medical information regarding plaintiff's physicians, medications, office visits, and injuries (Dkt. # 22 at 3), plaintiff made no effort to protect the medical records and information submitted in and with his response (including Dr. Pilcher's expert report, his deposition testimony, and plaintiff's medical records) (Dkt. # 43 and # 44). Defendants have now moved to file their reply under seal because medical records and information are generally considered confidential and because plaintiff's counsel directed them to file the reply under seal. Dkt. # 45 at 3; Dkt. # 46-1.

"There is a strong presumption of public access to the court's files" (LCR 5(g)), and

ORDER GRANTING MOTION TO SEAL - 1

neither party has shown "that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (internal quotation marks and alterations omitted).[1] Nevertheless, the Court notes that medical records are deemed confidential under the Health Insurance Portability and Accountability Act of 1996. Although plaintiff has complicated the balance of the relevant factors by publishing medical information and records in opposition to the motion to exclude, the Court finds that the need to protect plaintiff's medical information outweighs the public's interest in disclosure at this stage of the litigation and will both grant defendants' motion to seal and sua sponte limit access to the information plaintiff filed.

For all of the foregoing reasons, defendants' motion to seal (Dkt. # 45) is GRANTED: Dkt. # 49 and Dkt. # 50 will remain under seal. In addition, the Clerk of Court is directed to seal Dkt. # 44-1, Dkt. # 44-2, and Dkt. # 44-3. Plaintiff may, within fourteen days of the date of this Order, file a redacted version of his response memorandum (Dkt. # 43) for public consideration, in which case the unredacted version will be sealed.

Dated this 27th day of November, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The "compelling reason" standard applies to both dispositive and non-dispositive motions that relate to the merits of the case - including motions for preliminary injunction and motions in limine - in order to "ensur[e] the public's understanding of the judicial process and of significant public events." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1098-99 (9th Cir. 2016) (quoting Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006)).

ORDER GRANTING MOTION TO SEAL - 2