UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDDIE TATE,<br><br>           Plaintiff,<br><br>     v.<br><br>TRE SMITH, *et al.*,<br><br>           Defendants. | NO. C18-0141RSL<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO EXCLUDE THE OPINION OF GREGORY GILBERTSON |

This matter comes before the Court on defendants' "Motion to Exclude the Opinion of Gregory Gilbertson." Dkt. # 32. In *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), the Supreme Court charged trial judges with the responsibility of acting as gatekeepers to prevent unreliable expert testimony from reaching the jury. The gatekeeping function applies to all expert testimony, not just testimony based on the hard sciences. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

To be admissible, expert testimony must be both reliable and helpful. The reliability of expert testimony is judged not on the substance of the opinions offered, but on the methods employed in developing those opinions. *Daubert*, 509 U.S. at 594-95. In general, the expert's opinion must be based on principles, techniques, or theories that are generally accepted in his or her profession and must reflect something more than subjective belief and/or unsupported speculation. *Daubert*, 509 U.S. at 590. The testimony must also be "helpful" in that it must go "beyond the common knowledge of the average layperson" (*U.S. v. Finley*, 301 F.3d 1000, 1007

(9th Cir. 2002)) and it must have a valid connection between the opinion offered and the issues of the case (*Daubert*, 509 U.S. at 591-92). Plaintiff, as the party offering Mr. Gilbertson as an expert, has the burden of proving both the reliability and helpfulness of his testimony. *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007).

Defendants do not dispute that Mr. Gilbertson has "specialized knowledge" regarding police procedures. Fed. R. Ev. 702.[1] Rather, defendant maintains that Mr. Gilbertson's opinions are irrelevant, are not reliable, constitute legal conclusions, and/or invade the province of the jury. Mr. Gilbertson intends to offer the following opinions:

> (1) Officer Hilton knew or should have known that plaintiff and his companions did not meet the descriptions of the suspects provided by the victim and should therefore not have initiated a felony traffic stop. Dkt. # 52-1 at ¶ 25.
>
> (2) Officer Hilton knew or should have known immediately upon making contact with plaintiff that he was not the suspect described by the victim and should therefore have immediately terminated the felony traffic stop protocols. Dkt. # 52-1 at ¶¶ 26-27 and 32.
>
> (3) He "adamantly disagrees" with the Office of Professional Accountability's findings regarding what Officer Hilton could and could not see while observing plaintiff's car and sincerely and truly believes that the OPA's reasonable suspicion finding was erroneous. Dkt. # 52-1 at ¶¶ 34 and 39.
>
> (4) "Nothing about Eddie Tate other than his race and car color supports Officer Hilton's claim of Reasonable Suspicion to conduct a Felony Traffic Stop, seize at gunpoint, detain, and investigate him and his companions for the crimes committed against Monty Richardson." Dkt. # 52-1 at ¶ 35. Officer Hilton and Officer Smith did not have reasonable suspicion for their actions but were rather "acting on a hunch or guess when they stopped Eddie Tate." Dkt. # 52-1 at ¶ 40.
>
> (5) At least two "Use of Force Reports" should have been filed regarding this incident. Dkt. # 52-1 at ¶ 37.

---

[1] In fact, defendants rely on some aspects of Mr. Gilbertson's testimony in support of their motion for summary judgment. *See, e.g.*, Dkt. # 24 at 7.

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO EXCLUDE EXPERT TESTIMONY    -2-

(6) Pointing firearms at plaintiff was unnecessary and excessive given the totality of the circumstances surrounding the traffic stop. Dkt. # 52-1 at ¶ 41.

(7) Officer Smith knew or should have known that plaintiff was wearing an orthopedic brace and should have inquired as to its purpose and meaning or foregone the attempt to handcuff plaintiff. Dkt. # 52-1 at ¶ 42.

Statements regarding what Officer Hilton knew or should have known at the time of the traffic stop and whether Officer Smith knew or should have realized that plaintiff was wearing an orthopedic brace are, in this case, merely statements of fact for which no scientific, technical or other specialized knowledge is necessary. Mr. Gilbertson does not appear to have any specialized knowledge or expertise in evaluating video evidence, determining the credibility of witnesses, or discussing orthopedic devices and their import that would assist the jury in determining the Officers' state of mind at the time of their interactions with plaintiff. Mr. Gilbertson will not be permitted to testify regarding the first, second, and seventh matters described above.

Defendants point out, and plaintiff does not dispute, that Mr. Gilbertson's criticisms of the OPA investigation and findings are irrelevant to the issues in this litigation. Similarly, whether the officers involved in the events at issue subsequently filed Use of Force Reports does not prove or disprove any of plaintiff's claims or defendants' defenses. The third and fifth opinions described above are therefore inadmissible.

Expert testimony regarding whether the totality of the circumstances with which an officer was presented gave rise to a reasonable suspicion that plaintiff had engaged, is engaging, or is about to engage in criminal conduct may sometimes be appropriate. Such testimony may help the jury understand how an officer is trained to recognize and respond to situations, for example, or why certain articulable facts suggest possible criminal activity or, on the other hand, innocence. In this case, however, Mr. Gilbertson intends to tell the jury that Officer Hilton's suspicion was not reasonable because it was based solely on plaintiff's race and the color of his

car. This is simply not true. Other facts, such as the location of plaintiff's vehicle, the direction in which it was headed when the victim lost sight of it and when Officer Hilton encountered it, the temporal connection between those two events, and the number of people Officer Hilton observed arguably supported his suspicion that one of the inhabitants of plaintiff's car had assaulted and robbed the victim earlier in the day. Mr. Gilbert focuses on only two facts in order to opine that Officer Hilton[2] acted on a hunch or guess. Federal Rule of Evidence 702 makes expert testimony admissible if, among other things, it "is based upon sufficient facts or data." An expert need not know and consider every relevant fact before his testimony will be admitted: "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). But where, as here, the expert has concluded that a party's conduct was unjustified by ignoring evidence that is significant in both amount and relevance, his conclusion falls outside the realm of reliability and should not be presented to the jury.

Mr. Gilbertson's opinion that pointing firearms at plaintiff during the traffic stop was excessive is based on "the totality of the circumstances these officers encountered." Dkt. # 52-1 at 19. While Mr. Gilbertson does not describe the relevant circumstances, it appears that his opinion is based on his conviction that there were not enough specific, objective, articulable facts to give rise to a reasonable suspicion that plaintiff was the armed subject for whom the officers were looking. Thus, his opinion is essentially that, in the absence of reasonable suspicion to believe plaintiff had engaged in criminal activity, the show of force in this case was unreasonable and unnecessary. As such, the opinion is admissible and subject to cross-examination. At his deposition, Mr. Gilbertson acknowledged that if a felony traffic stop is initiated on reasonable suspicion, it "is almost always going to involve weapons, if not the

---

[2] Mr. Gilbertson's opinion that Officer Smith acted on a hunch or guess when he stopped plaintiff is unsupported by any facts in the record. Officer Smith was not involved in the decision to conduct a felony traffic stop.

display - at least the display of weapons, if not pointing the weapons at people because you believe that the person that you're stopping poses an imminent threat to you or to others based upon, again, all the information that you have." Dkt. # 33-1 at 257-58.

For all of the foregoing reasons, defendants' motion to exclude the expert testimony of Gregory Gilbertson is GRANTED in part and DENIED in part.

Dated this 2nd day of March, 2020.

*MrS Lasnik*
Robert S. Lasnik
United States District Judge